UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN EDWARD JOHNSON,   Case No.:

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

### NOTICE OF REMOVAL OF CAUSE BY DEFENDANT, HOME DEPOT U.S.A., INC.

Defendant HOME DEPOT U.S.A., INC., by and through its undersigned counsel, hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332, to remove to the United States District Court, Middle District of Florida, Tampa Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 12th Judicial Circuit, in and for Manatee County, Florida (the "State Court"), Case No. 2020-CA-000295, and styled *Brian Edward Johnson vs. Home Depot, U.S.A., Inc.*. *See,* Summons and Plaintiff's Complaint attached hereto as **Exhibit "A."** In support of this Notice of Removal of Cause, Defendant states as follows:

#### *Complete Diversity of Citizenship Exists*

1. Plaintiff, Brian Edward Johnson, at the time of the alleged incident giving rise to this matter, and at all subsequent times material hereto, was and is a Florida citizen. Specifically, Plaintiff's complaint reflects that Plaintiff was and is a resident of Sarasota County, Florida. *See, Exhibit A,* ¶ 2. Further, medical bills provided by Plaintiff's counsel reflect Plaintiff's address as follows: 2136 Tall Oak Court, Sarasota, Florida 34232 (which reflect medical care and treatment within counties located within the Middle District of Florida). *See, Demand letter with medical*

*bills composite attached hereto as* **Exhibit "B."** Defendant is aware of no address for Plaintiff other than that what is on his medical bills, or in the state of Georgia or the state of Delaware, where, as averred below, the Defendant would be deemed a citizen.[1]

2. Defendant Home Depot U.S.A., Inc. is a foreign corporation organized under the laws of the state of Delaware and which has its principal place of business in the state of Georgia at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Defendant Home Depot U.S.A., Inc. is not organized under the laws of the state of Florida, and does not have its principal place of business in the state of Florida. Therefore, Defendant is not a citizen of the State of Florida.

3. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiff and the Defendant.

## *The Amount in Controversy Requirement is Satisfied*

4. Pursuant to 28 U.S.C. §1332(a), the amount in controversy in this case exceeds the required $75,000.00 jurisdictional threshold.

5. Plaintiff's Complaint against Defendant alleges damages in excess of the State Court's $15,000.00 jurisdictional threshold and asserts a negligence claim on behalf of Plaintiff against Defendant. *See, Exhibit A*. According to Plaintiff's Complaint, the claim derives from an alleged April 12, 2019 incident at Defendant's store located at 5475 University Parkway, Bradenton, Florida. Specifically, Plaintiff asserts that he was injured because Defendant's created an excess of water causing him to slip and fall. *See, Exhibit A,* ¶¶ 6.

---

[1] Based on the foregoing, it is clear to Defendant that Plaintiff's true, fixed and permanent home and principal establishment, and to which she had the intention of returning whenever she was absent therefrom, is and was located within the state of Florida. *See, Mikesell v. FIA Card Services,* 936 F.Supp.2d 1327, 1330 (M.D. Fla. 2013).

6. Plaintiff alleges, *inter alia*, that Defendant failed to maintain the outside of its premises, failed to inspect the outside main entrance, failed to warn of an unsafe condition, and failed to place cautionary signs or cordon off the area. *See, Exhibit A, ¶ 8.*

7. According to Plaintiff, "as a direct and proximate result……JOHNSON suffered bodily injury and resulting pain and suffering, disability, aggravatioin of a pre-existing injury or disease, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and medical and nursing treatment, loss of ability to earn money; the losses are permanent in nature and JOHNSON will suffer these losses into the future." *See, Exhibit A, ¶ 14.*

8. "As the party seeking removal, Defendant bears the burden of establishing jurisdiction." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014); *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Houston,* 2014 WL 6469608, at *2 (*citing Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001).

9. In that regard and for purposes of meeting its evidentiary burden, Defendant notes that prior to filing suit, Plaintiff submitted to it a settlement demand letter (including medical records and bills), seeking payment of a $800,000.00 settlement by Defendant. *See Exhibit B.*

10. The Demand Letter purports that due to the April 12, 2019 incident at issue, Plaintiff suffered injuries to, *inter alia*, his right ankle, esophagus, and knee pain as an alleged result of the trip and fall. *See Exhibit B.*

11.     Moreover, on April 24, 2019, Plaintiff underwent a right bimalleolar ankle fracture open reduction, internal fixation performed by Dr. Andres O-Daly Baquero, MD. *See, medical bills, Exhibit B.*

12.     Moreover, and most importantly for purposes of removal to this Federal Court, Plaintiff provided causally related billed past medical expenses totaling at least $91,113.05. *See, Exhibit B.* The included, and allegedly causally related bills/expenses are as follows:

- Manatee County EMS;                    **$619.00**
- Lakewood Ranch Medical Center;         **$6,206.00**
- Paragon Emergency Physicians;          **$4,712.00**
- Manatee Lakewood Radiology;            **$143.00**
- LWRMC Imaging;                         **$1,671.00**
- Coastal Orthopedics;                   **$15,310.00**
- Musculoskeletal ASC East               **$51,813.32**
- Nova Medical Equipment                 **$109.00**
- Electostim Medical                     **$2,434.00**
- Lakewood Ambulatory Anesthesia         **$4,764.15**
- Intercoastal Medical Group             **$1,666.02**
- Intercoastal Surgery Center            **$681.00**
- Spartan Anesthesia                     **$793.80**
- Sarapath Diagnostics                   **$207.76**

13.     This $91,113.05 amount of allegedly causally related past medical expenses incurred for Plaintiff's care and treatment allegedly attributable to the referenced incident, recovery of which is sought in the instant lawsuit, alone (and even without regard for the $800,000.00 settlement demand) exceed and satisfy the Federal Court's $75,000.00 jurisdictional threshold required under 28 U.S.C. §1332(a).

14.     With regard to any argument that the jurisdictional amount in controversy is not met because of any private insurance, Defendant notes that "subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Stramiello v. Petsmart, Inc.,* No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010); *see also Henry v. K-Mart Corp.,* 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010) (agreeing

with *Stramiello* that collateral source setoffs are not relevant to calculating jurisdiction amount at time of removal). "That Florida law might require a set-off at final judgment that reduces [Plaintiff's] final recovery to or below $75,000 does not affect the jurisdictional amount in controversy at the outset of litigation." *O'Toole v. Napa Home & Garden, Inc.*, No. 8:11-cv-2724-T-23AEP, 2012 WL 12904228 (M.D. Fla. June 26, 2012).

15. So, although Defendant anticipates arguing that Plaintiff may never recover billed amounts written off under private health insurance contracts, such collateral source set-offs/write-offs are not to be considered for purposes of determining whether the jurisdictional threshold amount is met at time of removal. And, regardless, the face of the medical bills reflects a "Balance" of $91,113.05, which alone exceeds the Federal Court's $75,000 jurisdictional threshold.

### *The Other Prerequisites and Requirements for Removal Have Been Satisfied*

23. Defendant has filed with the Clerk of the State Court a Notice that this Cause has been removed.

24. There has been no waiver by this Defendant of any right to remove this cause to the Federal Court.

25. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

26. This Notice of Removal of Cause was timely filed within thirty (30) days from February 11, 2020, the date upon which the Defendant was served with initial process, including the State Court Complaint, in this action. *See Ex. A,* Summons served upon Home Depot which reflects service of process date of February 11, 2020.

27.  The undersigned counsel are attorneys of record for HOME DEPOT U.S.A., INC. and have been specifically authorized to act on behalf of the Defendant in seeking removal of this cause to the Federal Court.

**WHEREFORE**, Defendant, HOME DEPOT U.S.A., INC., hereby removes this cause from the Circuit Court of the 12th Judicial Circuit, in and for Manatee County, Florida, to the United States District Court, Middle District of Florida, Tampa Division, and requests that all further proceedings be conducted in this Federal Court as provided by law.

RESPECTFULLY SUBMITTED this **12th day of March, 2020**.

**LUKS, SANTANIELLO,**
**PETRILLO & COHEN**
100 N Tampa Street, Suite 2120
Tampa, FL 33602
Tel: 813/226-0081; Fax: 813/226-0082
*Counsel for Defendant, Home Depot U.S.A., Inc.*
Primary:  **LuksTpa-Pleadings@LS-Law.com**
Secondary: **SMazuchowski@LS-Law.com**


     **/s/ Susan K. Mazuchowski**
**ANTHONY J. PETRILLO, ESQ.**
Board Certified Civil Trial Lawyer
Florida Bar No. 874469
**SUSAN K. MAZUCHOWSKI, ESQ.**
Florida Bar No. 91188